## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| CHARLES L. BURTON,<br><br>      Petitioner,<br><br>v.<br><br>Commissioner, Alabama Department of Corrections,<br><br>      Respondent. | CASE NO. 4:05-CV-00308-CLS-PWB<br><br>CAPITAL CASE<br><br>No execution date set. |

## MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)

Like all capital defendants in the United States, Charles L. Burton was entitled to the effective assistance of counsel during both phases of his trial. Once found guilty of capital murder, Mr. Burton's best chance at a life-sparing sentence rested in his attorneys' hands. Relying on their experience defending capital cases, Mr. Burton's attorneys refused to call two witnesses they knew would torpedo their case for life. Mr. Burton disagreed with their judgment, and the trial court forced them to allow those witnesses' testimony. Disaster ensued. Jurors, left wondering why Mr. Burton and his counsel attempted to deceive them by claiming—when the prosecution had contradictory evidence at hand—that he was someone his co-defendants *did not even know*, unanimously recommended a death sentence, even though Mr. Burton neither shot the victim nor intended the victim's death. Indeed, he was not even present when

the shooting took place. The judge agreed with the jurors' recommendation and sentenced Mr. Burton to death.

The state appellate courts refused to correct the constitutional violations that flowed from the trial court's interference in counsel's mitigation strategy. Mr. Burton fared no better during federal habeas proceedings because both this Court and the Eleventh Circuit rejected Mr. Burton's argument under *Jones v. Barnes*.[1] The Eleventh Circuit's rejection was based on a too-narrow view of what is "clearly established federal law" for purposes of 28 U.S.C. § 2254(d)(1), and recently, the Supreme Court released its opinion in *Andrew v. White*,[2] demonstrating the Eleventh Circuit's interpretation of that phrase was overly restrictive. With no other recourse to vindicate his constitutional rights, Mr. Burton invites this Court to take a second look at the issue by reopening his federal habeas proceedings considering *Andrew*.

## I.    Relevant Procedural History

### A.    Proceedings in this Court

Mr. Burton filed his petition with this Court in 2005, claiming he was deprived of the effective assistance of counsel when the trial court forced his attorneys, against their strategic judgment, to call two of his co-defendants as witnesses because he desired

---

[1] 463 U.S. 745 (1983).

[2] 145 S. Ct. 75 (2024).

their testimony.[3] Pointing to the prejudice[4] that ensued when the co-defendants denied both participating in the crime and knowing Mr. Burton, only to have the State introduce otherwise inadmissible rebuttal evidence—including a videotape clearly showing they lied[5]—Mr. Burton argued his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were infringed,[6] and the Alabama Court of Criminal Appeals' ("ACCA") decision denying the claim involved an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1).[7] Specifically, he argued it was clearly established under *Jones v. Barnes*, that, while an "'accused has the ultimate authority to make certain fundamental decisions regarding the case,' an accused does not have a constitutional right to direct matters of strategy."[8]

This Court denied Mr. Burton federal habeas relief,[9] reasoning that, instead of *Jones*, Mr. Burton's claim was governed by *Faretta v. California*.[10] According to this Court's Memorandum Opinion, the state trial court infringed on the attorney-client

---

[3] Doc. 9 at 48–54.

[4] *Id.* at 52 (discussing the jury's unanimous death recommendation and the fact that the State's rebuttal evidence was the last evidence presented to the jury); *see also id.* at 37 (discussing Mr. Burton's lack of specific intent to kill and the fact that he was outside the store where the crime took place when a third co-defendant shot the victim).

[5] *Id.* at 49–51.

[6] *Id.* at 52, 54.

[7] Doc. 21 at 119 (citing *Burton v. State*, 651 So. 2d 641, 656 (Ala. Crim. App. 1993)), 125.

[8] Doc. 9 at 48 (quoting *Jones*, 463 U.S. at 751).

[9] *See* Doc. 32 at 160–71.

[10] 422 U.S. 806 (1975).

relationship by requiring counsel to call witnesses at Mr. Burton's behest, against their better judgment.[11] But, despite recognizing witness choice as a "trial tactical decision normally entrusted to counsel[,]"[12] this Court determined the "error was not of constitutional proportions, because the choice of which witnesses to call, and which not to call, ultimately belongs to the defendant."[13] In other words, because, in *Faretta*, the Supreme Court held the Sixth Amendment protects a defendant's right to self-representation, including when he makes decisions detrimental to his defense, Mr. Burton was the ultimate decisionmaker on which witnesses to call.[14]

This Court denied Mr. Burton's Rule 59(e)[15] Motion to Reconsider, Alter or Amend the Judgment,[16] but granted a certificate of appealability ("COA") on two issues:[17] whether "[t]he trial court interfered with, and irreparably harmed, defense counsel's mitigation strategy when it forced Mr. Burton's counsel to call two co-defendants as witnesses during the penalty phase," and whether counsel was ineffective for failing to object when the trial court interfered in that manner, thus depriving Mr.

---

[11] Doc. 32 at 171.

[12] *Id.* (citing *Blanco v. Singletary*, 943 F.2d 1477, 1495 (11th Cir. 1991)).

[13] *Id.*

[14] *See id.* at 170–71 (quoting *Faretta*, 422 U.S. at 834, and citing the dissent in *Jones*, 463 U.S. at 759 (Brennan, J., dissenting)).

[15] Fed. R. Civ. P. 59(e).

[16] Doc. 34 (motion); Doc. 35 (order denying motion).

[17] Doc. 42 at 8.

Burton of his rights under the Fifth, Sixth, and Eighth, and Fourteenth Amendments.[18]

### B.     Proceedings in the Eleventh Circuit

The Eleventh Circuit denied relief on this issue, citing § 2254(d)(1) and reasoning:

> Under AEDPA, we cannot grant relief unless the state court's adjudication of the issue on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1); see also *Harrington*, 131 S. Ct. at 786-87. While the Supreme Court has said at various times, either in holding or in dicta, that certain fundamental decisions—such as whether to plead guilty, *Brookhart v. Janis*, 384 U.S. 1 (1966); waive a jury, *Taylor v. Illinois*, 484 U.S. 400 (1988); waive the right to counsel, *Faretta v. California*[]; testify on his or her own behalf, *Jones v. Barnes*[]; or take an appeal, *id.*—ultimately belong to the client, it has never had occasion to address the division of decision-making authority in the trial context of calling witnesses.
>
> Burton points us to *Jones v. Barnes*[],but this case affords no assistance because it does not involve a defendant's desire to call witnesses at trial against the advice of counsel. In fact, it did not involve the calling of witnesses at trial at all. Instead, *Jones* holds that a defendant does not have a constitutional right to compel appointed counsel to present on appeal every non-frivolous argument that the defendant advocates. 463 U.S. at 754[.][19]

Ultimately, the Eleventh Circuit held, "Burton has not and cannot point to any clearly established federal law from the United States Supreme Court on the question of whether the ultimate authority to call trial witnesses rests with counsel or the client.

---

[18] *Id.* at 3 (citing Doc. 9 at 47, 108–09 (Grounds "N" and "P" of the habeas petition); Doc. 21 at 116).

[19] *Burton v. Comm'r, Ala. Dep't of Corr.*, 700 F.3d 1266, 1269 (11th Cir. 2012) (Doc. 46 at 8–9).

Consequently, AEDPA bars relief of Burton's claims."[20]

## II. The extraordinary circumstances of this case justify reopening the judgment.

Rule 60(b)(6) "vests power in courts . . . to enable them to vacate judgments whenever such action is appropriate to accomplish justice."[21] However, "[a] petitioner who seeks relief under Rule 60(b)(6) must prove 'extraordinary circumstances' justifying the reopening of a final judgment."[22]

### A. As *Andrew* demonstrates, Mr. Burton cited clearly established federal law supporting his claim.

Mr. Burton was denied merits review of his federal constitutional claim through too strict an application of § 2254(d)(1): On January 21, 2025, the Supreme Court released *Andrew v. White*,[23] a decision demonstrating the correctness of Mr. Burton's argument that he cited clearly established federal law supporting his habeas corpus petition and calling the Eleventh Circuit's contrary holding into question. The *Andrew* Court found clearly established federal law sufficient under § 2254(d)(1) when the Supreme Court has previously "relie[d] on a legal rule or principle to decide a case."[24] Such reliance makes that legal rule or principle a "'holding' of the Court for purposes

---

[20] *Id.* at 9.

[21] *Klapprott v. United States*, 335 U.S. 601, 615 (1949).

[22] *Bucklon v. Sec'y, Fla. Dep't of Corr.*, 606 F. App'x 490, 493 (11th Cir. 2015) (citing *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013)).

[23] 145 S. Ct. 75 (2025).

[24] *Andrew*, 145 S. Ct. at 81.

of AEDPA."[25] "Following these principles," the Supreme Court held, "it is clear that Andrew properly identified clearly established federal law" in support of her claim that the introduction of highly prejudicial evidence rendered her guilt and penalty phases fundamentally unfair when she cited *Payne v. Tennessee*, 501 U.S. 808 (1991).[26]

Mr. Burton's argument was akin to that made by the petitioner in *Andrew*. In *Payne*, the Court concluded, relying on the fact that the Due Process Clause of the Fourteenth Amendment already provided protection against the introduction of evidence "'so unduly prejudicial that it renders the trial fundamentally unfair,'" that the Eighth Amendment did not render victim-impact evidence *per se* inadmissible.[27] In turn, Ms. Andrew relied on *Payne* as clearly established federal law on the issue of whether "the Due Process Clause can in certain cases protect against the introduction of unduly prejudicial evidence at a criminal trial."[28] Declaring that legal principle "indispensable to the decision in *Payne*," the Supreme Court stated, "That means it was a holding of [the Supreme] Court for purposes of AEDPA."[29] Therefore, it was "clearly established federal law" under § 2254(d)(1).

Similarly, Mr. Burton cited *Jones* for its holding that there is no constitutional

---

[25] *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003)).

[26] *Id.* at 81.

[27] *Id.* (quoting *Payne*, 501 U.S. at 825 (citing *Darden v. Wainwright*, 477 U.S. 168, 179–83 (1986))).

[28] *Id.*

[29] *Id.*

right to compel appointed counsel to present a case in a way conflicting with counsel's professional judgment.[30] Recognizing that the "the accused has the ultimate authority to make certain fundamental decisions regarding the case,"[31] the *Jones* Court stated, "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders* [*v. California*]."[32]

The controlling legal principle in *Anders*, 386 U.S. 738, was that, to satisfy the Sixth Amendment, counsel must act "in the role of an active advocate in behalf of his client as opposed to that of amicus curiae."[33] The Court applied that principle in *Jones*, emphasizing the importance of counsel's "reasonable professional judgments" as to

---

[30] *See* Doc. 9 at 48 (arguing that, while an "'accused has the ultimate authority to make certain fundamental decisions regarding the case,' an accused does not have a constitutional right to direct matters of strategy") (quoting *Jones*, 463 U.S. at 751); *see also* Brief of Appellant at 28, Burton v. Comm'r, Ala. Dep't of Corr., 700 F.3d 1266 (11th Cir. 2012) (No. 10-12108-P) (arguing that *Jones* held "a defendant does not have a 'constitutional right to compel appointed counsel to press nonfrivolous points' on appeal"); *id.* (arguing this Court properly held *Jones* logically applicable to Mr. Burton's case).

[31] *Jones*, 463 U.S. at 751.

[32] *Id.* at 754. In *Anders v. California*, 386 U.S. 738 (1967), the Court upheld the petitioner's Sixth Amendment right to counsel when confronted with appointed counsel who failed to explain why they could find no meritorious issues to raise on appeal. The Court recognized that counsel was not compelled to raise "wholly frivolous" issues, but required any withdrawal motion to be accompanied by a brief informing the court and client of "anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744.

[33] *Id.*

which claims to raise even where a client suggests raising additional "colorable" claims on appeal.[34] In that way, this previously identified legal principle was indispensable to the *Jones* outcome the same way the due process principles the Court discussed in *Andrew* were indispensable to its prior holding in *Payne*.[35]

In finding *Jones* could suffice as clearly established federal law under § 2554(d)(1), this Court too emphasized the importance of counsel's professional judgments versus the client's wishes in determining what best aligns with the Constitution:

> *if* an indigent defendant does *not have* "a constitutional right to compel appointed counsel to press *nonfrivolous* points requested by the client, if counsel, **as a matter of professional judgment**, decides not to present those points," then certainly an indigent defendant has *no right* to compel appointed counsel to press *frivolous* points, or worse, *damaging* points, such as calling witnesses whose testimony cannot benefit the client's defense in the guilt-innocence phase, or mitigate his guilt in the penalty phase, of a capital trial.[36]

It was the Eleventh Circuit that determined Mr. Burton had not cited clearly established federal law sufficient to allow habeas relief under § 2254(d)(1). Identifying as the "sole issue in this case . . . whether the ultimate authority to call a witness at trial belongs to counsel or the client[,]" the court declared, "Wherever the decision-making

---

[34] *Jones*, 463 U.S. at 754.

[35] *Compare Jones*, 463 U.S. at 754 ("For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders*.") *with Payne*, 501 U.S. at 825 ("'[T]he Due Process Clause of the Fourteenth Amendment provides a mechanism for relief [against the introduction of evidence] "that is so unduly prejudicial that it renders the trial fundamentally unfair.").

[36] Doc. 32 at 166–67 (italics in original) (emphasis added in bold).

authority properly rests in this trial scenario, the Supreme Court has not yet spoken on the issue."[37] The court further reasoned, "We do not read *Jones* as clearly establishing that a defendant is deprived of his constitutional right to counsel when his lawyers are forced to follow the defendant's strategic directives."[38] But as *Andrew* clarified, when the Supreme Court has repeatedly relied on a legal principle, even when it has never decided a case based on the specific "factual permutations" in the petitioner's case, the law is clearly established for the purposes of AEDPA.[39]

In his briefing, Mr. Burton pointed to instances in which the Supreme Court delineated the roles held by the defendant and counsel at trial,[40] and recognized trial counsel to have the "full authority" to make "tactical decision[s]" concerning the trial's conduct, including "which witnesses if any, to call."[41] In *Jones*, the Court cited

---

[37] Doc. 43 at 6. *Id.* at 8.

[38] *Id.* at 8.

[39] *Andrew*, 145 S. Ct. at 82–83 (quoting *White v. Woodall*, 572 U.S. 415, 427 (2014)).

[40] Brief of Appellant at 15–16, Burton, 700 F.3d 1266 (No. 10-12108-P) (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (quoting *Jones,* 463 U.S. at 751)).

[41] *Id.* at 16 (quoting *Taylor v. Illinois,* 484 U.S. 400, 418 (1988) ("[T]he lawyer has—and must have—full authority to manage the conduct of the trial. The adversary process could not function effectively if every tactical decision required client approval.") and *Wainwright v. Sykes,* 433 U.S. 72, 93 (1977) (Burger, C.J., concurring) ("Once counsel is appointed, the day-to-day conduct of the defense rests with the attorney. He, not the client, has the immediate—and ultimate—responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop.")); *see also* Doc. 21 at 120–21 (arguing "[t]he inability of a criminal defendant to direct trial strategy was critical to the Court's analysis" in *Geders v. United States*, 425 U.S. 80, 88–89 (1976), a case in which the trial court ordered the defendant not to consult with his attorney during an overnight recess) (quoting *Geders*, 425 U.S. at 88 ("Our cases recognize that

professional standards, including the ABA Model Rules of Professional Conduct, concluding, "With the exception of these specified fundamental decisions [what plea to enter, whether to waive jury trial, and whether to testify], an attorney's duty is to take professional responsibility for the conduct of the case, after consulting with his client."[42]  The Supreme Court had been clear in its holdings on this issue. Indeed, in the decades since the ACCA denied Mr. Burton's claim,[43] the Court continued to rely on *Jones* to establish the legal presumption that attorneys have "better understanding of the procedural choices," that is, the "choices affecting conduct of the trial, including . . . the witnesses to call."[44] As *Andrew* now makes plain, Eleventh Circuit improperly denied Mr. Burton full review of his claim when it held he failed to cite clearly

---

the role of counsel is important precisely because ordinarily a defendant is ill-equipped to understand and deal with the trial process without a lawyer's guidance.")).

[42] *Jones*, 463 U.S. at 753 n.6 (citing American Bar Ass'n, Model Rules of Professional Conduct, Proposed Rule 1.2(a) (Final Draft 1982)); *see also id.* ("The ABA Defense Function Standards provide, however, that, with the exceptions specified above, strategic and tactical decisions are the exclusive province of the defense counsel, after consultation with the client.") (citing American Bar Ass'n, Standards for Criminal Justice 4–5.2 (2d ed. 1980)).

[43] The ACCA denied Mr. Burton's trial-court interference claim on direct appeal in 1993, *Burton*, 651 So. 2d 641, and a separate ineffective assistance of counsel claim on collateral review in 2004, *Burton v. State*, No. CR-00-2472, at 60–62 (Ala. Crim. App. Feb. 20, 2004)

[44] *See Gonzalez v. United States*, 553 U.S. 242, 249–50 (2008); *see also McCoy v. Louisiana*, 584 U.S. 414, 423 (2018) (quoting *id.* at 249 ("Numerous choices affecting conduct of the trial" do not require client consent, including "the objections to make, the witnesses to call, and the arguments to advance.") (internal quotation marks omitted)).

established federal law under § 2254(d)(1).[45]

### B.    Rule 60(b)(6) is the proper vehicle to correct a mistake in the law.

"[A] change in decisional law is insufficient to create the 'extraordinary circumstance' necessary to invoke Rule 60(b)(6)."[46] Likewise, a decision conferring a "different interpretation" of the federal habeas filing statute of limitations does not suffice.[47] But the Eleventh Circuit "has recognized that Rule 60(b) can be used to remedy a mistake in the application of the law"[48] and found "extraordinary circumstances" where a petitioner could point to a judicial decision demonstrating the reviewing courts previously misunderstood the law and applied it to his detriment.[49]

The *Andrew* Court stated clearly that the court of appeals was "mistaken" to believe "itself constrained by AEDPA to limit *Payne* to its facts"[50] Mr. Burton, citing

---

[45] *Burton*, 700 F.3d at 1269 (Doc. 46 at 8–9) (holding, "While the Supreme Court has said at various times, either in holding or in dicta, that certain fundamental decisions . . . ultimately belong to the client, it has never had occasion to address the division of decision-making authority in the trial context of calling witnesses").

[46] *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)).

[47] *Gonzalez*, 545 U.S. at 536 ("It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation.").

[48] *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987) (citing *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838 (11th Cir. 1982)).

[49] *See Bucklon*, 606 F. App'x at 494 ("In short, *Cunningham* did not constitute a mere change in law; it demonstrated that federal courts had misunderstood Florida state appellate court procedure.").

[50] *Andrew*, 145 S. Ct. at 82.

different law on a different issue, was denied by the same logic the chance to have his claim heard on the merits, leading the Eleventh Circuit to cut its analysis short based on his perceived failure to cite clearly established federal law under § 2254(d)(1).

### C.    Mr. Burton was prejudiced by the Eleventh Circuit's misinterpretation.

Mr. Burton was prejudiced by the lack of merits review in the Eleventh Circuit. He was entitled to relief because, to avail himself of his full Sixth Amendment right to effective assistance of counsel, the trial court should not have ordered counsel to cede the plainly tactical decision on which witnesses to call to Mr. Burton, who was unaware of the consequences that would follow. Rule 60(b) is his only recourse, as the Alabama courts already decided the issue against him,[51] and Alabama law provides no mechanism to reopen a judgment based on a mistake in federal habeas procedure.[52] He has shown extraordinary circumstances for reopening the judgment.

## III.    Mr. Burton's motion is timely and properly filed.

### A.    This motion is timely because it was filed within a reasonable time after *Andrew*.

"Motions under Rule 60(b)(6) must be filed within a reasonable time. . . . A determination of what constitutes a reasonable time depends on the facts in an

---

[51] *Burton*, 700 F.3d at 1269 (Doc. 46 at 7–8) ("On direct appeal, the Alabama Court of Criminal Appeals [concluded] that while '[a]n attorney can . . . make recommendations to a client as to how to conduct his defense . . . the ultimate decision . . . lies with the client.'") (quoting *Burton*, 651 So. 2d at 656).

[52] *See generally* Ala. R. Crim. P. 32 (governing postconviction remedies).

individual case."[53] Timeliness is measured as of when the movant has grounds to make the motion, regardless of the time since judgment was entered.[54] Motions made under Rule 60(b)(6) have been deemed timely even 18 months after the movant learned of the extraordinary circumstances warranting relief.[55]

The grounds for this motion are the extraordinary circumstances of the *Andrew* decision confirming Mr. Burton's prior interpretation of the phrase "clearly established Federal law." The Supreme Court decided *Andrew* on January 21, 2025. Consistent with prior timeliness determinations, this motion is timely as it is filed just over four months after grounds for filing arose.

**B.    This motion is properly filed under Rule 60(b)(6) because it questions the integrity of the proceedings.**

This Court has jurisdiction to adjudicate a Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect integrity of the federal habeas proceedings."[56] A district court can consider a Rule 60(b) motion when a petitioner "asserts that a previous ruling which precluded a merits determination was in error."[57] The Eleventh Circuit never addressed this Court's

---

[53] *Ramsey v. Walker*, 304 F. App'x 827, 828 (11th Cir. 2008) (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)).

[54] *In re Edwards*, 865 F.3d 197, 208–09 (5th Cir. 2017) (citing *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 102–21 (5th Cir. 1992)).

[55] *See Bucklon*, 606 F. App'x at 494–95.

[56] *Gonzalez*, 545 U.S. at 532.

[57] *Id.* at 532 n.4.

conclusion that *Faretta* was the governing law because, by that Court's logic, neither *Jones* nor *Faretta* clearly established where the decision-making authority on calling witnesses rests.[58] Mr. Burton therefore never received the full review to which he was entitled when this Court granted a COA on grounds "N" and "P" of his petition.[59]

## CONCLUSION

The Eleventh Circuit made the same error as the Tenth Circuit in *Andrew* as to what is "clearly established federal law" for 28 U.S.C. § 2254(d). This question informs the proper resolution of grounds "N" and "P" of Mr. Burton's petition. He therefore requests this Court reopen the judgment and evaluate those grounds considering *Andrew*.

Respectfully submitted,

/s/ Matt D. Schulz
Matt D. Schulz
/s/ Donna Venable
Donna Venable
Assistant Federal Defenders
Federal Defenders for the
  Middle District of Alabama
817 S. Court Street
Montgomery, Alabama 36104
(334) 834-2099
Matt_Schulz@fd.org
Donna_Venable@fd.org

*Counsel for Petitioner*

---

[58] *See* Doc. 46 at 8–11.

[59] *See* Doc. 9 at 47–54, 108–09.

15

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF filing system, which will serve electronic notice upon all parties of record. Additionally, I served a copy by email upon:

> Lauren Simpson
> Office of Attorney General
> Capital Litigation Division
> State of Alabama
> 501 Washington Avenue
> Montgomery, Alabama 36130
> Lauren.Simpson@AlabamaAG.gov

/s/ Matt D. Schulz
Matt D. Schulz